Matter of Dube (2022 NY Slip Op 04911)

Matter of Dube

2022 NY Slip Op 04911

Decided on August 10, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BESTY BARROS
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.

2020-06437

[*1]In the Matter of Jill M. Dube, an attorney and counselor-at-law, respondent. (Attorney Registration No. 1822873.)

APPLICATION pursuant to 22 NYCRR 1240.10 by Jill M. Dube, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 28, 1982, to resign as an attorney and counselor-at-law.

Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Richard M. Maltz, New York, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The respondent, Jill M. Dube, has submitted an affidavit sworn to on April 21, 2022, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in her affidavit that she is currently the subject of a disciplinary proceeding commenced by the Grievance Committee for the for the Second, Eleventh, and Thirteenth Judicial Districts pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition and a verified petition, both dated August 24, 2020, which contains six charges of professional misconduct alleging that the respondent misappropriated funds entrusted to her as a fiduciary, failed to promptly pay or deliver funds in her possession to persons entitled to receive them, neglected a legal matter entrusted to her, and engaged in conduct prejudicial to the administration of justice and that adversely reflects on her fitness as a lawyer, in violation of rules 1.15(a) and (c)(4), 1.3(b), and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). With respect to the charges, the respondent attests that she cannot successfully defend against the allegations of professional misconduct concerning multiple over-disbursements from her attorney escrow account and failure to timely remit funds to her client.
The respondent also avers that her resignation is freely and voluntarily tendered, that she is not being subjected to coercion or duress by anyone, and that she is fully aware of the implications of submitting her resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent avers that there are no issues of restitution as all funds owed to clients and/or third parties have been remitted. Notwithstanding the absence of any restitution to be made, the respondent acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund for Client Protection, and that she consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting her resignation, she will not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including her affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, BARROS, DUFFY and CHRISTOPHER, JJ., concur.
ORDERED that the application of the respondent, Jill M. Dube, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jill M. Dube, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Jill M. Dube, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jill M. Dube, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jill M. Dube, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court